IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HENRY GUY JONES, | :: | FEDERAL PRISONER |
| Plaintiff, | :: | CIVIL RIGHTS |
| | :: | |
| v. | :: | |
| | :: | |
| J.A. KELLER, Warden et al., | :: | CIVIL ACTION NO. |
| Defendants. | :: | 1:12-CV-4043-TWT-LTW |

## **NON-FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at the federal prison in Atlanta, Georgia (the "Prison"). Plaintiff, pro se, seeks damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for alleged deliberate indifference to his medical needs and an alleged ineffective administrative grievance procedure at the Prison. (Docs. 2, 5.) The Court granted Plaintiff leave to proceed *in forma pauperis*, and the complaint is now ready for screening under 28 U.S.C. § 1915A.

### I. The 28 U.S.C. § 1915A Standard

Federal courts must screen a prisoner's complaint against governments or government officials to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible

on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). To state a claim for relief under *Bivens*, a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *Bivens*, 403 U.S. at 389; *Powell v. Lennon*, 914 F.2d 1459, 1462-63 (11th Cir. 1990); *see Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("[A]s a general matter federal courts incorporate § 1983 law into *Bivens* actions.").

## II.    Factual Allegations[1]

Plaintiff arrived at the Prison in May 2012. Plaintiff's eyeglasses and a knee brace he used were taken from him before he arrived. During the initial medical screening, Plaintiff told Prison officials that he had a torn ligament in his right knee, needed a knee brace because of the torn ligament and a previous surgical graft for another ligament in the knee, and needed eyeglasses. Plaintiff told Prison officials that the Veterans Administration treated him for his eye and knee problems and that Peachtree Orthopedics treated him for his torn knee ligament. In June 2012, Plaintiff provided Prison officials with documentation concerning his medical problems and

---

[1] The factual allegations are taken from Plaintiff's complaint and incorporated exhibits, (Doc. 2), and the amendment to the complaint, (Doc. 5). The allegations are presumed true for purposes of the frivolity review.

2

was prescribed a knee brace and eyeglasses. Plaintiff has not received either item.

The pain in Plaintiff's knee grew worse and spread to his hip. Plaintiff has grinding throughout his knee's full range of motion and is in excruciating pain. Plaintiff's knee was x-rayed at the Prison. The x-ray confirmed the metal in his knee from the prior ligament graft, but could not show the torn ligament. Plaintiff has not received a magnetic resonance imaging scan ("MRI"), a cortisone injection, the prescribed knee brace, or any other treatment for his knee.

Since June 2012, Plaintiff has submitted formal and informal grievances and requests for the prescribed knee brace and other treatment for his knee. Those complaints include written letters to Defendant Keller, the former Prison warden, detailing Plaintiff's medical problems and inability to obtain the prescribed items. None of Plaintiff's complaints have been answered. Plaintiff contends that the Prison's administrative grievance procedure is ineffective.

Plaintiff named as Defendants Keller, two medical personnel at the Prison – HCA Dizon and HCA Hollinger – the Director of the Federal Bureau of Prisons ("BOP"), the U.S. Attorney General, and others. The only Defendants whom Plaintiff connected to his medical claims with specific facts are Defendants Dizon, Hollinger, and Keller. (Doc. 5 at 3-5.) Plaintiff contends that Keller, Dizon, and Hollinger were

3

fully aware of the issues discussed above and were deliberately indifferent to the medical treatment he needs.

Plaintiff also contends that Prison librarian Jones' unlawfully restricted Plaintiff's access to the law library and that mail room personnel have interfered with Plaintiff's access to the courts. Plaintiff asserted those same claims in the separate *Bivens* action he recently filed in this Court. *Jones v. Moody*, No. 1:12-cv-4240 (N.D. Ga. 2012). The Court will address those claims in that action.

### III. Analysis

Delayed or denied access to medical care for jail inmates may violate the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To state such a claim, a plaintiff must allege facts that plausibly show: (1) the plaintiff had a serious medical need; (2) the defendant was deliberately indifferent to that need; and (3) there is a causal connection between that indifference and the plaintiff's injury. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). A defendant is deliberately indifferent only if he: (1) subjectively knew of a risk of serious harm; (2) disregarded that risk; and (3) displayed conduct beyond gross negligence. *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010).

4

According to Plaintiff, Defendants Dizon, Hollinger, and Keller knew for months that Plaintiff had serious medical problems with his knee and vision and that he never received medical items prescribed for those conditions. Plaintiff's description of those medical conditions support a plausible finding that he has serious medical needs.

Plaintiff alleged that he not only told Dizon, Hollinger, and Keller of his medical problems, including via his written grievances and requests for help, but that he also gave them the names of non-Prison medical personnel who had diagnosed those problems and could confirm the need for the prescribed items. Plaintiff alleged that none of those Defendants responded to his requests for help, obtained the prescribed items, or provided him any treatment other than an x-ray. As a result, Plaintiff's medical conditions have worsened. Accepting all his allegations as true, as the Court must, Plaintiff has sufficiently pled a deliberate indifference claim against those three Defendants. *See Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1235 (11th Cir. 2010) ("Deliberate indifference can include the delay of treatment for obviously serious conditions where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified." (quotation marks omitted)); *Young*

AO 72A
(Rev.8/82)

*v. Donald*, No. CV605-104, 2007 WL 188006, at *7 (S.D. Ga. Jan. 22, 2007) (holding that prisoner's allegations that he personally informed supervisors in writing of his ongoing medical problems and that they failed to act were sufficient to find the supervisors liable for personally participating in the constitutional violation).

Plaintiff has not alleged facts stating a viable deliberate indifference claim against the Director of the BOP or the U.S. Attorney General. Plaintiff alleged that those Defendants are supervisory officials and that he unsuccessfully attempted to send them letters regarding his medical problems. There are no allegations that either of those Defendants personally participated in Plaintiff's case, made any decisions regarding medical care at the Prison, or were at the Prison at any of the relevant times.

Finally, Plaintiff's claim that the Prison's administrative grievance system is ineffective fails to state a viable claim upon which relief may be granted in this action. Prisoners have no constitutional right to the provision, or proper functioning, of an administrative remedy program. *See Thomas v. Warner*, 237 F. App'x 435, 437-38 (11th Cir. 2007) ("We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure."); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (concluding "that the federal regulations providing for an administrative remedy procedure [for federal

6

prisoners] do not in and of themselves create a liberty interest in access to that procedure").

IV. **Conclusion**

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's claim for deliberate indifference to his medical needs be **ALLOWED TO PROCEED** against Defendants Dizon, Hollinger, and Keller. The undersigned **RECOMMENDS** that Plaintiff's remaining claims be **DISMISSED** under 28 U.S.C. § 1915A. If this Report and Recommendation is adopted, the undersigned will enter an order regarding service of process.

**SO RECOMMENDED**, this 31 day of January, 2013.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)